## Katie Buck, Appellant, v. Pierce A. Felter, Appellee.

### Gen. No. 7,033.

DIVORCE—*when wife has no equitable right, as against third person, to notes payable to husband.* Where suit for divorce was commenced by plaintiff against her husband, by publication, and against the administrators of an estate to secure to her the benefit of notes assigned by her husband, and such notes had been transferred to intervener who took them in good faith before maturity with no knowledge of the pendency of the divorce suit and before the case had become *lis pendens* as against the husband by completion of service of publication against him, plaintiff had no equitable right to such notes against intervener.

Appeal from the Circuit Court of Woodford county; the Hon. STEVENS R. BAKER, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 23, 1922.

ORMAN RIDGELY, for appellant.

E. J. RILEY and BARNES, MAGOON & BLACK, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On October 26, 1920, Katie Buck filed a bill for divorce against her husband, Edward E. Buck, and against Samuel A. Culp and Asa B. Culp, administrator of the estate of John R. Culp, deceased, and

had an order for an injunction and an injunction was issued and was served upon the Culps. On February 19, 1921, she filed an affidavit of nonresidence as to Edward E. Buck and therein stated his place of residence outside of this State and a notice was mailed to him on February 26, 1921. On July 11, 1921, a certificate of publication was executed by the publisher of a newspaper and filed in said cause. Later, in July, 1921, she had a decree of divorce against him, which also gave her the custody of certain minor children. Prior thereto, Pierce A. Felter filed an intervening petition asking to have himself declared the owner of a judgment against the estate of John R. Culp. The intervening petition was amended to bring in two certain notes for $475 and $125, respectively, and asking that the injunction be modified as to them. The intervening petition was answered and referred to a master to take and report proofs with his conclusions of law and fact. Such evidence was taken and the master made a report favorable to Felter and Mrs. Buck filed objections thereto which the master overruled and they stood as exceptions in the circuit court where the master's report was sustained, and there was a decree in favor of Felter accordingly, from which Mrs. Buck appeals.

Somewhere about the time this bill was filed Felter sold a farm to Rebecca Buck and her husband, father and mother of Edward E. Buck, for $5,500 and accepted as payment therefor three promissory notes payable to Edward E. Buck and by him assigned to Rebecca Buck. One of these notes was dated January 2, 1920, was executed by Samuel A. Culp and Asa B. Culp for $475, due one year after date, payable to Edward E. Buck. Another of said notes was dated March 1, 1920, due one year after date, executed by said Samuel and Asa B. Culp and payable to Edward E. Buck and before the sale of said farm by Felter to Rebecca Buck and husband, said notes had been

assigned by Edward E. Buck to his mother, Rebecca Buck. Another note for $1,000, dated March 1, 1919, payable one year after date, was made by John R. Culp and payable to Edward E. Buck. Before January 5, 1920, John R. Culp died and on the latter date Edward E. Buck filed said note against the estate of John R. Culp and it was on that day allowed as a claim in favor of Edward E. Buck in the sum of $1,050.75. Thereafter said claim was assigned to Rebecca Buck and the said note, not having been filed in the county court, was also assigned to Rebecca Buck, and she also assigned said note to Felter to apply on the payment for said farm, and soon thereafter it was ascertained that said note was in judgment against said estate, and said judgment was also assigned to Felter. This was done in November, 1920. The proof shows that Felter took these notes in good faith for value with no knowledge of the pendency of this suit, or that there had been an injunction issued against and served upon the Culps, and with no notice that Mrs. Buck had any claim against her husband in connection therewith. He did know that Mr. and Mrs. Edward E. Buck had had trouble and that was all. The two smaller notes he took before maturity. He also took the $1,000 note before maturity without any knowledge at that instant that it had been reduced to judgment against the estate of John R. Culp and before the maturity of that $1,000 note.

In *Allison v. Drake*, 145 Ill. 500, it is held that where a bill in equity is filed, *lis pendens* begins from the service of summons and not before, unless the defendant appears. That is held in numerous other cases in this State. In this case there was no service of summons on Edward E. Buck and he never appeared. The most that can be claimed as to *lis pendens* against Edward E. Buck in this case is that when service by publication is made and completed the suit then becomes *lis pendens*. The affidavit for nonresidence in

this case was not filed until February 19, 1921. Notice was mailed to Edward E. Buck on February 26, 1921. The first publication was on February 24, 1921, and the last on March 17, 1921. The notice required Edward E. Buck to appear on the first Tuesday in April, 1921, and a certificate of publication was executed and filed on July 11, 1921. Under the view most favorable to Mrs. Buck the suit did not become *lis pendens* as to Edward E. Buck until either the first publication or the last publication or the filing of the certificate of mailing. All these transactions by which Felter became the owner of these notes and this judgment took place long before the case was *lis pendens* as to Edward E. Buck. Felter took these papers in good faith for value and without notice, either actual or constructive, of any claim that Mrs. Buck had against Edward E. Buck for the same, and without notice of any injunction relating to them. We are of opinion that as against Felter, she has no equitable right to these notes or to the judgment.

The decree is therefore affirmed.

*Affirmed.*